GARY SHOCKLEY, Employee, Plaintiff v. CAIRN STUDIOS LTD., Employer, MARY-LAND INSURANCE GROUP/ZURICH INSURANCE COMPANY, Carrier, Defendants

No. COA01-856

(Filed 7 May 2002)

**1. Workers' Compensation— acceptance of claim—newly discovered evidence**

The issue of whether defendants' voluntary payment of medical and temporary total disability benefits constituted an acceptance of a workers' compensation claim is remanded to the Industrial Commission for further findings of fact as to whether plaintiff's subsequent exposure constitutes newly discovered evidence that warrants the Commission to set aside the award which resulted under N.C.G.S. § 97-82.

**2. Workers' Compensation— repayment of overpaid benefits**

Defendants are entitled to repayment of those benefits which it overpaid in a workers' compensation case in order to prevent a double recovery by plaintiff employee if the Industrial Commission concludes on remand that defendants may contest the award based on newly discovered evidence.

**3. Workers' Compensation— occupational disease—last injurious exposure—overpayment of compensation**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee was last injuriously exposed to an occupational disease while employed with a

company subsequent to plaintiff's employment with defendant employer and that defendants overpaid plaintiff temporary total disability compensation in the amount of $67,193.12.

Appeal by plaintiff from Opinion and Award entered 4 May 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 28 March 2002.

*DeVore, Acton & Stafford, P.A., by William D. Acton, Jr., for plaintiff-appellant.*

*Moreau, Marks & Gavigan, PLLC, by Daniel C. Marks, for defendants-appellees.*

TYSON, Judge.

Gary Shockley ("plaintiff") appeals the denial of his claim to compensation for an occupational disease by the North Carolina Industrial Commission ("Commission"). Defendants, Cairn Studios Ltd. ("defendant-employer") and Maryland Insurance Group/Zurich Insurance Company ("defendant-carrier"), cross-assign as error the denial of a credit for benefits paid to plaintiff. We affirm in part and reverse in part.

## I. Facts

Plaintiff began work as a production manager for defendant-employer on 4 October 1993. Plaintiff's job duties included the manufacture of plastic figurines. The production process generated chemicals known as isocynates which were inhaled by plaintiff on a daily basis.

On 1 August 1995, plaintiff began to experience tightness in his chest and breathing problems. Plaintiff reported his health problems to defendant-employer on 8 November 1995. Defendant-employer completed a Form 19, Report of Injury to Employee, on 13 November 1995. Defendants initially denied plaintiff's claim for workers' compensation by filing a Form 61, Denial of Compensation. After receiving additional information, defendants accepted plaintiff's claim by letter dated 29 April 1996 and paid medical benefits. Defendants voluntarily paid temporary total disability benefits to plaintiff beginning 7 August 1997. The parties have stipulated that plaintiff contracted a compensable occupational disease while employed with defendant-employer.

On 1 February 1996, plaintiff accepted other employment with Futuristic, Inc. of Tennessee ("Futuristic") as a sales manager. The employment relationship between plaintiff and defendant-employer terminated on 2 February 1996. During the course of his employment with Futuristic, plaintiff was exposed to dye isocynates, formaldehyde, hardwood dust, fibers and other pollutants. Due to this exposure, plaintiff's condition worsened and he began to experience coughing, wheezing, fatigue, shortness of breath, and headaches. Plaintiff began medical treatment in April 1997 and terminated his employment with Futuristic on 4 August 1997.

On 27 October 1998, defendants filed a Form 33, Request for Hearing, seeking a credit for overpayment of temporary total disability benefits.

Dr. Glenn Baker confirmed plaintiff's exposure to isocynates while employed with Futuristic and concluded that the continued exposure to isocynates significantly exacerbated plaintiff's occupational disease. The Commission unanimously found that plaintiff was "last injuriously exposed" to harmful chemicals which significantly contributed to his disease while employed with Futuristic. The Commission also found that plaintiff was aware that his lung problems were exacerbated by his employment with Futuristic as evidenced by his filing a workers' compensation claim against Futuristic in the State of Tennessee.

The Commission concluded plaintiff's last injurious exposure to the hazards of such occupational disease occurred while employed with Futuristic and subsequent to his employment with defendant-employer. The Commission further concluded that pursuant to N.C.G.S. § 97-57 of the Workers' Compensation Act plaintiff was not entitled to compensation from defendants for an occupational disease. Plaintiff appeals.

The Commission concluded that defendants had overpaid plaintiff compensation in the amount of $67,193.12, in addition to medical expenses. While the Deputy Commissioner ordered a credit to defendants, the Commission did not order a credit to defendants. Defendants cross-assign as error the denial of a credit by the Commission.

## II. Issues

The issue presented by plaintiff is whether the defendants' payment of disability constituted a final award and, if so, whether the

Commission erred in setting aside the award. Those other assignments of error relating to the findings of facts and conclusions of law that are not argued are deemed abandoned. N.C.R. App. R. 28(b)(5) (1999).

The issue presented by defendants is whether the Commission erred in not ordering a credit to defendants for compensation and medical expenses paid to plaintiff.

## III. Standard of Review

This Court's review is limited to a determination of (1) whether the Commission's findings of fact are supported by competent evidence, and (2) whether the Commissioner's conclusions of law are supported by the findings of fact. *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986). The Commission's findings of fact are conclusive on appeal if supported by competent evidence, even where there is evidence to support contrary findings. *Id.* The Commission's conclusions of law, however, are reviewable *de novo* by this Court. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). The Commission is the sole judge of the credibility of the witnesses and the weight accorded to their testimony. *Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 376, 64 S.E.2d 265, 268 (1951).

## IV. Plaintiff's Appeal

[1] Plaintiff argues that defendants' voluntary payment of medical and temporary total disability benefits constituted an acceptance of the claim, and after defendants failed to contest the claim within the period for payments without prejudice provided by N.C.G.S. § 97-18(d), the payments constituted an award of the Commission pursuant to N.C.G.S. § 97-82. We agree. Section 97-18(d) states in pertinent part that:

> [i]n any claim for compensation in which the employer or insurer is uncertain on reasonable grounds *whether the claim is compensable or whether it has liability for the claim . . .* the employer or insurer may initiate compensation payments without prejudice and without admitting liability. . . . Payments made pursuant to this subsection may continue until the employer or insurer contests or accepts liability for the claim or 90 days from the date the employer has written or actual notice of the injury . . . .

**SHOCKLEY v. CAIRN STUDIOS, LTD.**

[149 N.C. App. 961 (2002)]

N.C. Gen. Stat. § 97-18(d) (1999) (emphasis supplied). After the 90-day period, if the employer does not contest liability or compensability, "it waives the right to do so and the entitlement to compensation becomes an award of the Commission pursuant to G.S. § 97-82(b)." *Higgins v. Michael Powell Bldrs.*, 132 N.C. App. 720, 724, 515 S.E.2d 17, 20 (1999); *see also Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 159, 542 S.E.2d 277, 281 (2001); *Shah v. Howard Johnson*, 140 N.C. App. 58, 63-64, 535 S.E.2d 577, 581 (2000); N.C. Gen. Stat. § 97-82(b) (1999) ("Payment pursuant to G.S. 97-18(d) when compensability and liability are not contested prior to expiration of the period for payment without prejudice, shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury . . . ."). According to the statute and prior case law, the employer must generally contest the issue of compensability or liability within the 90-day period provided pursuant to N.C.G.S. § 97-18(d).

However, section 97-18(d) goes on to state:

> the employer or insurer may contest the compensability of or its liability for the claim after the 90-day period or extension thereof when it can show that material evidence was discovered after that period that could not have been reasonably discovered earlier . . . .

N.C. Gen. Stat. § 97-18(d). Defendants began paying temporary total disability benefits to plaintiff on 7 August 1997. The initial 90-day period expired on or about 7 November 1997. Defendants filed their Form 33 on 27 October 1998. According to N.C.G.S. § 97-18(d) defendants may contest their liability after the 90-day period based on newly discovered evidence. *See Moore v. City of Raleigh*, 135 N.C. App. 332, 336, 520 S.E.2d 133, 137 (1999), *cert. denied*, 351 N.C. 358, 543 S.E.2d 131 (2000) (the Commission has the power to set aside a judgment when there is "[m]istake, inadvertence, surprise, or excusable neglect[,]" or "on the basis of newly discovered evidence," or "on the grounds of mutual mistake, misrepresentation, or fraud.") Plaintiff's subsequent exposure to isocynates while employed at Futuristic would constitute material evidence bearing on defendants' liability.

The Commission did not enter any findings of fact with respect to when defendants learned of plaintiff's subsequent exposure to isocynates while employed at Futuristic. "The Commission is the fact-finding body under the Workmen's Compensation Act." *Watkins v.*

*City of Wilmington*, 290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976). This matter is remanded to the Commission for further findings of fact as to whether plaintiff's subsequent exposure constitutes newly discovered evidence *that warrants the Commission to set aside the* award which resulted pursuant to N.C.G.S. § 97-82.

## V. Defendants' Cross-assignment

[2] Defendants contend that they are entitled to a credit for the benefits paid to plaintiff from 7 August 1997 to 21 October 1998. N.C.G.S. § 97-42 provides:

> Payments made by the employer to the injured employee during the period of his disability . . . which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation.

N.C. Gen. Stat. § 97-42 (1999). The rationale behind the statute is to encourage voluntary payments by the employer during the time of the worker's disability. *See Gray v. Carolina Freight Carriers, Inc.*, 105 N.C. App. 480, 484, 414 S.E.2d 102, 104 (1992). The decision of whether to grant a credit is within the sound discretion of the Commission. *Moretz v. Richards & Associates, Inc.*, 74 N.C. App. 72, 75, 327 S.E.2d 290, 293 (1985), *aff'd as modified*, 316 N.C. 539, 342 S.E.2d 844 (1986). Such decision to grant or deny a credit will not be disturbed on appeal in the absence of an abuse of discretion. *Id.*

> N.C.G.S. § 97-86.1(d) provides that:

> [i]n any claim under the provisions of this Chapter wherein one employer or carrier has made payments to the employee or his dependents pending a final disposition of the claim and it is determined that different or additional employers or carriers are liable, the Commission may order any employers or carriers determined liable to make repayment in full or in part to any employer or carrier which has made payments to the employee or his dependents.

N.C. Gen. Stat. § 97-86.1(d) (1999). The Commission concluded that defendants had overpaid plaintiff compensation in the amount of $67,193.12. This conclusion is supported by the Commission's findings of fact. The Commission did not conclude nor order that defendants are entitled to a credit for the benefits paid to plaintiff

after 7 August 1997. In light of N.C.G.S. §§ 97-42 and 97-86.1(d), we conclude that there is no basis for denying defendants a credit.

Plaintiff does not argue that the Commission erred in finding and concluding that he was "last injuriously exposed" while employed with Futuristic, and that he is not entitled to compensation from defendants for an occupational disease after 7 August 1997 pursuant to N.C.G.S. § 97-57 (1999). There was competent evidence to support the finding that plaintiff was "last injuriously exposed" on 4 August 1997 while employed with Futuristic and this finding of fact justifies the conclusion that defendants are not liable pursuant to N.C.G.S. § 97-57. *See Fetner v. Rocky Mount Marble & Granite Works*, 251 N.C. 296, 111 S.E.2d 324 (1959) (G.S. 97-57 creates an irrebuttable legal presumption that the last thirty days of work is the period of last injurious exposure); *see also Caulder v. Waverly Mills*, 314 N.C. 70, 73, 331 S.E.2d 646, 648 (1985) (an exposure which proximately augmented the disease to any extent, however slight, is deemed the last injurious exposure) (citing *Rutledge v. Tultex Corp.*, 308 N.C. 85, 89, 301 S.E.2d 359, 362 (1983) and *Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 166, 22 S.E.2d 275, 277-78 (1942)).

Plaintiff has a pending workers' compensation claim filed against Futuristic in the State of Tennessee. The last injurious injury rule was first adopted and recognized in Tennessee in *Baxter v. Smith*, 364 S.W.2d 936 (Tenn. 1962). The rule announced in *Baxter* is that an employer takes an employee as he finds him and that the employer is liable for disability resulting from injuries sustained by an employee arising out of and in the course of his employment, even though it aggravates a previous condition with resulting disability far greater than otherwise would have been the case. *Id.*

An argument can be made that it is unfair to allow the recoupment of overpayments which the employee used to replace income while he was unable to work and that this may cause an injured employee to be hesitant in spending the benefits received. However, denying the employer the right to recoup the overpayment for which it later discovered it was not liable, could frustrate a primary purpose of the Workers' Compensation Act, to provide prompt payment to the employee.

Here, plaintiff knew that he had been exposed to the same chemicals at Futuristic which augmented his lung condition. To prevent a double recovery by plaintiff, we hold that defendants are entitled to repayment of those benefits which it overpaid if the Commission con-

cludes that defendants may contest the award based on newly discovered evidence.

## IV. Conclusion

[3] We affirm that portion of the Commission's opinion and award which concluded that plaintiff was last injuriously exposed while employed at Futuristic and that defendants overpaid plaintiff compensation in the amount of $67,193.12. We reverse the remaining portions of the Commission's opinion and award and remand to the Commission for further findings of fact, conclusions of law, and the entry of an order consistent with this opinion.

Affirmed in part, reversed in part and remanded.

Judges MARTIN and THOMAS concur.