WYNN, Judge.
 

 This case is before this Court for a second time after another panel of this Court remanded to the Commission for further findings of fact as to whether Plaintiff's subsequent exposure constitutes newly discovered evidence that warrants the Commission to set aside the award which resulted pursuant to
 
 N.C. Gen. Stat. § 97-82
 
 .
 
 Shockley v. Cairn Studios LTD.,
 

 149 N.C. App. 961
 
 ,
 
 563 S.E.2d 207
 
 (2002),
 
 review dismissed and denied by
 

 356 N.C. 678
 
 ,
 
 577 S.E.2d 887
 
 -88 (2003)(hereinafter "
 
 Shockley I
 
 "). After further consideration, the Commission found Defendants did not learn of Plaintiff's harmful exposures in his new job until the summer of 1998, made conclusions of law that the late discovery constituted newly discovered evidence, and denied benefits to Plaintiff. Plaintiff appeals the Commission's opinion and award contending the findings of fact were not supported by competent evidence, and therefore, the conclusions of law were erroneous. We must affirm the opinion and award.
 

 In
 
 Shockley I,
 
 this Court noted that the facts tend to indicate Plaintiff began work as a production manager for Defendant-employer on 4 October 1993. Plaintiff's job duties included the manufacture of plastic figurines. The production process generated chemicals known as isocynates which were inhaled by Plaintiff on a daily basis. On 1 August 1995, Plaintiff began to experience tightness in his chest and breathing problems, which he reported to his employer on 8 November 1995. After initially denying Plaintiff's workers' compensation claim, on 29 April 1996, Defendants accepted the claim after receiving additional information and paid medical benefits. A year later, Defendants voluntarily paid temporary total disability benefits to Plaintiff beginning 7 August 1997. The parties stipulated that Plaintiff contracted a compensable occupational disease while employed with Defendant-employer on or about 1 August 1995.
 

 On 1 February 1996, Plaintiff accepted other employment withFuturistic, Inc. of Tennessee ("Futuristic") as a sales manager. The employment relationship between Plaintiff and Defendant-employer terminated on 2 February 1996. During the course of his employment with Futuristic, Plaintiff was exposed to dye isocynates, formaldehyde, hardwood dust, fibers and other pollutants. Due to this exposure, Plaintiff's condition worsened and he began to experience coughing, wheezing, fatigue, shortness of breath, and headaches. Plaintiff began medical treatment in April 1997 and terminated his employment with Futuristic on 4 August 1997.
 

 On 27 October 1998, Defendants filed a Form 33, Request for Hearing, seeking a credit for overpayment of temporary total disability benefits. After the Commission concluded Plaintiff's last injurious exposure to the hazards of his occupational disease occurred while employed with Futuristic and subsequent to his employment with Defendant-employer, the Commission determined Plaintiff was not entitled to compensation from Defendants for an occupational disease. The Commission further concluded Defendants had overpaid Plaintiff, but did not award a credit.
 

 On appeal, this Court affirmed the Commission's conclusion that Plaintiff was last injuriously exposed while employed at Futuristic.
 

 Id.
 

 at 966
 
 ,
 
 563 S.E.2d at 211
 
 . This Court also concluded Defendants were entitled to repayment of those benefits which it overpaid if the Commission concluded on remand that Defendants may contest the award based on newly discovered evidence. Therefore, this Court remanded for further findings offact as to whether Plaintiff's exposure constitutes newly discovered evidence that warrants the Commission to set aside the award which resulted pursuant to
 
 N.C. Gen. Stat. § 97-82
 
 .
 

 Id.
 

 at 966
 
 ,
 
 563 S.E.2d at 211
 
 . On remand, the Commission concluded Plaintiff's exposure did constitute newly discovered evidence, set aside Plaintiff's award under
 
 N.C. Gen. Stat. § 97-82
 
 and awarded Defendant a credit in the amount of $67,193.12. Plaintiff appeals.
 

 On appeal, Plaintiff challenges the Commission's findings of fact and conclusions of law. "This Court's review is limited to a determination of (1) whether the Commission's findings of fact are supported by competent evidence, and (2) whether the Commissioner's conclusions of law are supported by the findings of fact. The Commission's findings of fact are conclusive on appeal if supported by competent evidence, even where there is evidence to support contrary findings. The Commission's conclusions of law, however, are reviewable
 
 de novo
 
 by this Court."
 

 Id.
 

 at 964
 
 ,
 
 563 S.E.2d at 209-10
 
 .
 

 As noted in
 
 Shockley I
 
 :
 

 N.C. Gen. Stat. § 97-18
 
 (d) states in pertinent part that:
 

 in any claim for compensation in which the employer or insurer is uncertain on reasonable grounds
 
 whether the claim is compensable or whether it has liability for the claim
 
 . . . the employer or insurer may initiate compensation payments without prejudice and without admitting liability. . . . Payments made pursuant to this subsection may continue until the employer or insurer contests or accepts liability for the claim or 90 days from the date the employer has written oractual notice of the injury . . . .
 

 N.C. Gen. Stat. § 97-18
 
 (d) (1999) (emphasis supplied). After the 90-day period, if the employer does not contest liability or compensability, "it waives the right to do so and the entitlement to compensation becomes an award of the Commission pursuant to G.S. § 97-82(b)."
 
 Higgins v. Michael Powell Bldrs.,
 

 132 N.C. App. 720
 
 , 724,
 
 515 S.E.2d 17
 
 , 20 (1999);
 
 see also Sims v. Charmes/Arby's Roast Beef,
 

 142 N.C. App. 154
 
 , 159,
 
 542 S.E.2d 277
 
 , 281 (2001);
 
 Shah v. Howard Johnson,
 

 140 N.C. App. 58
 
 , 63-64,
 
 535 S.E.2d 577
 
 , 581 (2000);
 
 N.C. Gen. Stat. § 97-82
 
 (b) (1999) ("Payment pursuant to G.S. 97-18(d) when compensability and liability are not contested prior to expiration of the period for payment without prejudice, shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury . . ."). According to the statute and prior case law, the employer must generally contest the issue of compensability or liability within the 90-day period provided pursuant to N.C.G.S. § 97-18(d).
 

 However, section 97-18(d) goes on to state:
 

 the employer or insurer may contest the compensability of or its liability for the claim after the 90-day period or extension thereof when it can show that material evidence was discovered after that period that could not have been reasonably discovered earlier . . . .
 

 N.C. Gen. Stat. § 97-18
 
 (d). Defendants began paying temporary total disability benefits to plaintiff on 7 August 1997. The initial 90-day period expired on or about 7 November 1997. Defendants filed their Form 33 on 27 October 1998. According to N.C.G.S. § 97-18(d) defendants may contest their liability after the 90-day period based on newly discovered evidence.
 
 See Moore v. City of Raleigh,
 

 135 N.C. App. 332
 
 , 336,
 
 520 S.E.2d 133
 
 , 137 (1999),
 
 cert. denied,
 

 351 N.C. 358
 
 ,
 
 543 S.E.2d 131
 
 (2000) (the Commission has the power to set aside a judgment when there is "mistake, inadvertence, surprise, or excusable neglect[,]" or "on the basis of newlydiscovered evidence," or "on the grounds of mutual mistake, misrepresentation, or fraud.") Plaintiff's subsequent exposure to isocynates while employed at Futuristic would constitute material evidence bearing on defendants' liability.
 

 Shockley,
 

 149 N.C. App. at 964-65
 
 ,
 
 563 S.E.2d at 210
 
 . As the Commission did not render any findings of fact as to when Defendants learned of Plaintiff's exposure to isocynates while employed at Futuristic, the Court remanded to the Commission for further findings of fact as to whether Plaintiff's subsequent exposure constitutes newly discovered evidence that warrants the Commission to set aside the award which resulted pursuant to N.C.G.S. § 97-82.
 

 Id.
 

 In this appeal, Plaintiff challenges the following findings of fact as not being supported by any competent evidence:
 

 10. On 3 June 1998, Certified B Reader Dr. Glenn Baker confirmed plaintiff's exposure to isocynates while employed with Futuristic, Inc. Because plaintiff improved somewhat after leaving the employment with defendant-employer, then worsened after his renewed exposure at Futuristic, Inc., Dr. Baker concluded that the continued exposure to isocynates significantly exacerbated plaintiff's occupational disease.
 

 . . .
 

 14. Although defendant employer was aware that plaintiff had begun working for Futuristic, Inc., because plaintiff was initially hired as a salesman, defendant-employer had a reasonable belief that plaintiff was not experiencing further exposure to harmful chemicals in his new position. Defendants did not discover plaintiff's further exposure to isocynates at Futuristic, Inc. until the Summer of 1998 when they began to receive medical reports whichindicated plaintiff's later exposure at Futuristic, Inc. Defendants filed a motion to terminate plaintiff's benefits within a reasonable time thereafter.
 

 15. Defendants had accepted plaintiff's original claim for occupational disease while employed by Cairn Studios, LTD. on 29 April 1996, approximately three months after plaintiff stopped working. When notified by plaintiff that he was again totally disabled for the same type of respiratory problems which they had previously deemed compensable, without information as to further exposure in later employment, it was reasonable for defendants to resume paying compensation. While defendants are charged with using due diligence to determine the validity of plaintiff's claim prior to voluntarily beginning to pay compensation, the undersigned find that under the facts of this case, defendants' reliance on plaintiff's claim that his current respiratory problems were related to his employment with defendant Cairn Studios, LTD., was reasonable. Defendants had diligently investigated the validity of plaintiff's disability claim in 1996 and had found plaintiff's claim to be compensable. Plaintiff's 1996 claim was based upon exposure to specific chemicals in the workplace. Plaintiff's job title of sales manager would not reasonably be expected to further expose plaintiff to the same chemicals. Plaintiff was aware of his exposure to the same harmful chemicals in his new employment and that this new exposure was the cause of his respiratory problems. Plaintiff filed a claim for resumption of compensation without advising defendants of his new exposure to isocynates. It is not reasonable to expect defendants to deny a second claim for the same disability when they are unaware and had no reason to suspect any further harmful exposure by a subsequent employer.
 

 16. Defendants paid compensation for more than 90 days and thus the payments constituted an award of the Commission as defendants did not contest liability until October 1998; however, defendants can now contest liability based upon newly discovered evidence. Discovering that plaintiff was lastinjuriously exposed to isocynates at his job in Tennessee constitutes newly discovered, material evidence which could not have been reasonably discovered with due diligence within 90 days of defendant employer's beginning voluntary payments of temporary total disability compensation on 7 August 1997.
 

 Plaintiff contends the Commission failed to include information in the stipulated exhibits which tends to indicate Defendants were aware of Plaintiff's re-exposure to isocynates in the spring, summer and fall of 1997, prior to the expiration of the 90-day time period. Our review of the record, however, indicates the Commission's findings of fact were supported by competent evidence. Prior to 7 November 1997, the date the 90-day time period expired, the medical records did not indicate Plaintiff was exposed to isocynates at Futuristic. Medical records from March and April 1997 indicate Plaintiff worked in sales, was unaware of any contact with fumes and since his exposure in 1995, did not have any further exposure to isocynates. In June 1997, the medical records indicated Plaintiff was unaware of what his current work-related exposures were and a 22 August 1997 note referenced `saw dust' as part of Plaintiff's ongoing irritant exposure. After the relevant time period, in February 1998, a psychological evaluation note mentioned that Plaintiff took a job in Tennessee as a sales manager but was subsequently assigned to manufacturing with exposure to isocynates. This document was the first mention of isocyanate exposure at Futuristic. Thereafter, several documents began to mention isocyanate exposure at Futuristic. As the evidence of isocyanate exposure at Futuristic did not appear in themedical records until after the expiration of the relevant time period, we conclude the record contains competent evidence to support the Commission's findings.
 

 Affirmed.
 

 Judges CALABRIA and LEVINSON concur.
 

 Report per Rule 30(e).