LUE SINDA BROWNING MANN, Employee, Plaintiff v. TECHNIBILT, INC., Employer, ST. PAUL-TRAVELERS INSURANCE COMPANY/CHARTER OAK FIRE INSURANCE COMPANY—HARTFORD INSURANCE, Carrier, Defendants

No. COA08-241

(Filed 7 October 2008)

**1. Workers' Compensation— occupational disease—last injurious exposure—liability of second insurer**

Competent evidence supported the Industrial Commission's findings and conclusions that plaintiff employee's last injurious exposure to the conditions of her employment that augmented or worsened her occupational disease (bilateral carpal tunnel syndrome) occurred after the date a second workers' compensation insurer came on the risk for the employer so that the second insurer was liable for compensation for plaintiff's occupational disease.

MANN v. TECHNIBILT, INC.

[193 N.C. App. 193 (2008)]

## 2. Workers' Compensation— compensability—estoppel— remand for findings and conclusions

The Industrial Commission erred in a workers' compensation case by failing to make any findings on whether a former workers' compensation insurer for defendant employer was estopped from denying the compensability of plaintiff's occupational disease claim, and the case is remanded to the Commission for further proceedings and to make findings of fact and conclusions of law regarding this issue.

Appeal by defendants from Opinion and Award entered 14 December 2007 by Commissioner Buck Lattimore for the North Carolina Industrial Commission. Heard in the Court of Appeals 10 September 2008.

*No brief filed by employee-plaintiff.*

*York Williams Barringer Lewis & Briggs, LLP, by Stephen Kushner, for defendant-appellants Technibilt, Ltd. and Hartford Insurance Company.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Samuel E. Barker, for defendant-appellee St. Paul-Travelers Insurance Company/Charter Oak Fire Insurance Company.*

TYSON, Judge.

Technibilt, Inc. ("Technibilt") and Hartford Insurance ("Hartford") appeal from the Opinion and Award of the Full Commission of the North Carolina Industrial Commission ("the Commission"), which held Hartford to be liable for Lue Sinda Browning Mann's ("plaintiff") occupational disease resulting from her employment with Technibilt. We affirm in part and remand in part.

## I. Background

Plaintiff has been employed as a press welder at Technibilt since 1989. On or about 2 October 2003, plaintiff alleged she sustained an injury and occupational disease. Technibilt and its insurance carrier at the time, St. Paul-Travelers Insurance Company/Charter Oak Fire Insurance Company ("Travelers"), denied liability pending receipt of plaintiff's medical records.

Plaintiff's claim for bilateral carpal tunnel syndrome was later accepted, while plaintiff's claim of injury to her back, hip, and feet

MANN v. TECHNIBILT, INC.

[193 N.C. App. 193 (2008)]

was denied. Travelers referred plaintiff to Dr. William M. Pekman ("Dr. Pekman"). On 12 February 2004, Dr. Pekman recommended "a trial of non[-]operative treatment" and advised plaintiff that if the non-operative treatment did not relieve her symptoms, she may need to consider surgical decompression.

On 23 March 2005, plaintiff requested Travelers approve additional medical treatment. On 1 April 2005, Hartford became Technibilt's carrier "on the risk." On 13 April 2005, plaintiff returned to Dr. Pekman at the request of Technibilt and Travelers for re-evaluation of both hands. Dr. Pekman administered another "trial of non[-]operative treatment" at plaintiff's request.

On 10 January 2006, plaintiff requested the Commission to order a second medical opinion with a hand specialist selected by plaintiff. Technibilt and Travelers requested the Commission to deny plaintiff's motion for a second opinion and stated "[t]here is no valid, reasonable reason for a change in treating physicians." On 14 February 2006, the special deputy commissioner granted plaintiff's motion for a second opinion and ordered Technibilt and Travelers to provide plaintiff with a "one-time evaluation with a hand specialist of plaintiff's choice for evaluation and treatment recommendations."

On or about 27 February 2006, Technibilt and Travelers appealed the special deputy commissioner's Order and requested plaintiff's claim be assigned for hearing. Technibilt and Travelers alleged that "[Travelers] was not on the risk when [p]laintiff was last injuriously exposed to the alleged hazards of her disease." Hartford was added as a party on 21 April 2006.

On 31 May 2007, the deputy commissioner entered an Opinion and Award, which found "Hartford . . . responsible for [p]laintiff's condition beginning April 1, 2005[]" because "[p]laintiff continued to be injuriously exposed and her condition continued to worsen while Hartford . . . provided coverage . . . ." Technibilt and Hartford appealed the Opinion and Award to the Full Commission.

The Commission entered its unanimous Opinion and Award on 14 December 2007. The Commission found Hartford to be liable for plaintiff's occupational disease and ordered Technibilt and Hartford to pay "all medical expenses incurred or to be incurred by plaintiff as a result of the compensable disease . . . ." Technibilt and Hartford appeal.

## II.  Issues

Technibilt and Hartford argue the Commission erred when it: (1) found that plaintiff's last injurious exposure occurred when Hartford was the carrier "on the risk" and (2) failed to make any findings on whether Travelers was estopped from denying the compensability of plaintiff's claim.

## III.  Standard of Review

Our Supreme Court has stated:

> when reviewing Industrial Commission decisions, appellate courts must examine "whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law." The Commission's findings of fact are conclusive on appeal when supported by such competent evidence, "even though there [is] evidence that would support findings to the contrary."

*McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (quoting *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)).

"[T]he full Commission is the sole judge of the weight and credibility of the evidence . . . ." *Deese*, 352 N.C. at 116, 530 S.E.2d at 553. The Commission's mixed findings of fact and conclusions of law and its conclusions of law applying the facts are fully reviewable *de novo*. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982); *Cauble v. Soft-Play, Inc.*, 124 N.C. App. 526, 528, 477 S.E.2d 678, 679 (1996), *disc. rev. denied*, 345 N.C. 751, 485 S.E.2d 49 (1997).

## IV.  Last Injurious Exposure

[1] Technibilt and Hartford argue that the Commission erred when it entered findings of fact "regarding the last injurious exposure issue . . . ." We disagree.

Technibilt and Hartford assign error to findings of fact numbered 16, 19, 20, 21, 22, and 23, which state:

16. Dr. Caulfield testified that plaintiff's press welder job with defendant is a substantial causative factor of plaintiff's bilateral carpal tunnel syndrome, and that persons who do that job have a higher risk of developing carpal tunnel syndrome than members of the population not similarly exposed. Dr.

MANN v. TECHNIBILT, INC.

[193 N.C. App. 193 (2008)]

Caulfield recommended surgery on plaintiff's right hand first and then perhaps the left hand. Dr. Caulfield indicated that plaintiff's condition had gotten worse from 2003 to 2006 as plaintiff continued to work for defendant and that a delay in surgery creates a risk of permanent muscle weakness.

. . . .

19. Since April 1, 2005, plaintiff's condition has continued to worsen as she continued working in her same position for defendant. Plaintiff testified that the numbness and pain is worse and is a nine or ten on a one to ten scale. The more baby seats plaintiff welds in a day, the worse her symptoms are. Plaintiff testified that due to the numbness in her hands she had difficulty combing her hair, talking on the telephone, and driving to work.

20. Due to the worsening and severity of her pain from continued employment with defendant since April 1, 2005, plaintiff wishes to proceed with carpal tunnel surgery. However, plaintiff has been unable to get her group insurance to approve the surgery even though defendants have refused responsibility.

21. Prior to April 1, 2005, plaintiff's condition was not such that surgery was a necessity, nor did it cause plaintiff any incapacity from work. Plaintiff's condition progressed and was augmented due to her continued employment with defendant following April 1, 2005. Since then, plaintiff has been diagnosed with bilateral carpal tunnel syndrome as opposed to only right carpal tunnel syndrome which has progressed to the point of necessitating operative treatment.

22. Dr. Peltzer, Dr. Pekman, and Dr. Caulfield are of the opinion that plaintiff's employment with defendant caused her condition and that if plaintiff continues such employment her condition is likely to worsen or be aggravated.

23. The undersigned find that plaintiff's occupational disease was caused by her employment with defendant. Based upon the greater weight of the evidence, the undersigned find that plaintiff's occupational disease was augmented and worsened by her employment with defendant following April 1, 2005 when defendant Hartford Insurance came on the risk for defendant. Therefore, defendant Hartford Insurance was on the risk at the time of plaintiff's last injurious exposure.

Technibilt and Hartford also assign error to the Commission's conclusion of law numbered 2, which states:

> 2. Pursuant to N.C. Gen. Stat. § 97-57 where an occupational disease is compensable "the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was last exposed under such employer, shall be liable". Last injurious exposure is defined as an exposure that proximately augmented the disease to any extent, however slight. *Rutledge v. Tultex Corp./Kings Yarn*, 308 N.C. 85, 88, 301 S.E.2d 359, 362 (1985) (*citing Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 166, 169, 22 S.E.2d 275, 277, 278 (1942)); *See also Caulder v. Waverly Mills*, 314 N.C. 70, 331 S.E.2d 646 (1985). The greater weight of the evidence supports that plaintiff's last injurious exposure to the conditions of her job with defendant that caused or augmented her occupational disease was after April 1, 2005 when Hartford Insurance Company came on the risk for defendant. N.C. Gen. Stat. § 97-57. Therefore, Hartford Insurance is liable for plaintiff's occupational disease beginning April 1, 2005.

N.C. Gen. Stat. § 97-57 (2005) states:

> In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable.

Our Supreme Court defined the term "last injuriously exposed" to mean " 'an exposure which proximately augmented the disease to any extent, however slight.' " *Rutledge v. Tultex Corp.*, 308 N.C. 85, 89, 301 S.E.2d 359, 362 (1983) (quoting *Haynes v. Feldspar Producing Company*, 222 N.C. 163, 166, 169, 22 S.E.2d 275, 277, 278 (1942)).

> A condition peculiar to the workplace which accelerates the progress of an occupational disease to such an extent that the disease finally causes the worker's incapacity to work constitutes a source of danger and difficulty to that worker and increases the possibility of that worker's ultimate loss. It constitutes, therefore, a hazard of the disease as the term "hazard" is commonly used.

*Caulder v. Waverly Mills*, 314 N.C. 70, 75, 331 S.E.2d 646, 649 (1985); *see also Fetner v. Granite Works*, 251 N.C. 296, 301, 111 S.E.2d 324, 327-28 (1959) ("G.S. 97-57 creates an irrebuttable presumption—a presumption of law. The last day of work was the date of disablement and the last thirty days of work was the period of last injurious exposure in the case at bar. The Commission may not arbitrarily select any 30 days of employment, other than the last 30 days, within the seven months['] period for convenience or protection of any of the parties, even if there is some evidence which may be construed to support such selection." (Citations omitted)); *Shockley v. Cairn Studios, Ltd.*, 149 N.C. App. 961, 563 S.E.2d 207 (2002), *disc. rev. denied*, 356 N.C. 678, 577 S.E.2d 888 (2003).

After thorough review of the record on appeal, transcript, depositions, and plaintiff's medical records, we hold competent evidence in the record supports the Commission's challenged findings of fact. *McRae*, 358 N.C. at 496, 597 S.E.2d at 700. These findings of fact, together with the Commission's other unchallenged findings of fact, support its conclusion of law numbered 2. *Id.* This assignment of error is overruled.

## V. Estoppel of Denying Compensability

[2] Technibilt and Hartford argue that the Commission erred when it failed to make any findings on whether Travelers was estopped from denying the compensability of plaintiff's claim. We agree.

"While the Commission is not required to make findings as to each fact presented by the evidence, it must find those crucial and specific facts upon which the right to compensation depends so that a reviewing court can determine on appeal whether an adequate basis exists for the Commission's award." *Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 705, 599 S.E.2d 508, 511 (2004) (citations omitted). Because competent evidence was presented on whether Travelers was estopped from denying the compensability of plaintiff's claim, the Commission must address the issue of estoppel. *See Purser v. Heatherlin Properties*, 137 N.C. App. 332, 338, 527 S.E.2d 689, 693 (2000) ("[W]e remand this matter to the Industrial Commission to consider whether the facts of this case support a conclusion that the employer or the insurance carrier should be estopped from denying coverage.").

Here, as in *Purser*, "the Industrial Commission failed to consider the application of the doctrine of estoppel to the factual scenario at

hand." 137 N.C. at 338, 527 S.E.2d at 693. We remand this matter to the Commission for further proceedings and to make findings of fact and conclusions of law regarding all issues raised by the evidence upon which Travelers's and Hartford's liability depends.

## VI.  Conclusion

Competent evidence in the record on appeal supports the Commission's findings of fact. *McRae*, 358 N.C. at 496, 597 S.E.2d at 700. These findings of fact support the Commission's conclusions of law on the last injurious exposure. *Id.* These conclusions of law are not erroneous as a matter of law. The Commission's Opinion and Award on this issue is affirmed.

The Commission erred when it failed to make findings of fact with respect to the effect of Travelers's acceptance of plaintiff's claim. *Johnson*, 358 N.C. at 705, 599 S.E.2d at 511. This matter is remanded for findings of fact, conclusions of law, and a determination of whether Travelers is estopped from denying the compensability of plaintiff's claim.

Affirmed in Part; Remanded in Part.

Judges CALABRIA and ELMORE concur.