MADELINE M. COUNTS, Employee, Plaintiff v. BLACK & DECKER CORPORATION, Employer; CIGNA PROPERTY & CASUALTY COMPANY, Carrier; Defendants

No. COA95-210

(Filed 16 January 1996)

**Workers' Compensation § 233 (NCI4th)— work-related shoulder injury—nonwork-related arthritis—resulting total disability**

The Industrial Commission did not err in finding plaintiff permanently and totally disabled and awarding her compensation pursuant to N.C.G.S. § 97-29 where there was competent evidence before the Commission to support its finding that plaintiff's work-related shoulder injury combined with her nonwork-related arthritis condition to render her totally disabled. Furthermore, plaintiff was entitled to full compensation where there was no

evidence from which the Commission could apportion the award between the work-related and nonwork-related causes.

**Am Jur 2d, Workers' Compensation § 387.**

Appeal by defendants from the Opinion and Award entered 9 November 1994 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 November 1995.

*A. Maxwell Ruppe for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, by Bruce A. Hamilton and Karen K. Prather, for defendant-appellants.*

MARTIN, John C., Judge.

Defendants appeal from an Opinion and Award of the Industrial Commission finding plaintiff permanently and totally disabled, and awarding her compensation pursuant to G.S. § 97-29.

The evidence before the Commission tended to show that plaintiff, who is now 67 years of age, was employed by defendant Black & Decker Corporation as an assembly line worker for approximately twelve years; her final day of work was 9 May 1990. During her last five years of employment at Black & Decker, plaintiff worked in the "carousel" position which required her to lift circular saws weighing seven to nine pounds from an assembly line, place the saw into a test fixture, test the saw, and then place it onto a carousel. In an eight hour shift, plaintiff was required to lift approximately 1,500 saws, handling each saw twice.

On 2 February 1990, plaintiff experienced pain in her arms and shoulders and complained to Black and Decker's plant nurse. In March 1990, she was referred to Dr. Stanley Gilbert, an orthopedic surgeon, who eventually diagnosed rotator cuff tears in both of plaintiff's shoulders. She underwent surgery for repair of the rotator cuff injuries in August and November 1990, and was deemed to have reached maximum medical improvement as of 31 May 1991. Dr. Gilbert assigned a twenty percent permanent partial disability rating to the use of both arms due to plaintiff's rotator cuff problem and released her to return to work full-time as of 24 June 1991, with the restriction that she perform no overhead work above shoulder height and limit her lifting to no more than ten pounds.

Because she was no longer able to perform her former job, Black and Decker offered plaintiff three jobs, two of which were within the restrictions imposed by Dr. Gilbert. However, plaintiff declined to accept any of these jobs due to diffuse osteoporosis of her hands, an arthritic condition causing deformity of her fingers, which was not job-related.

The Commission found:

3. Defendant has offered plaintiff three jobs which are within her restrictions if only the condition of her arms is considered. However, due to a combination of the continuing impairment to her arms and an unrelated, severe arthritic condition of both hands, plaintiff is unable to perform the jobs offered to her and is unable to be gainfully employed at any other occupation. The condition of plaintiff's arms and hands is stable; however, the condition will deteriorate over time, rather than improve.

The Commission concluded that plaintiff is permanently and totally disabled and awarded her compensation pursuant to G.S. § 97-29.

Defendants appeal, contending that the evidence does not support the foregoing finding, and that the Commission misapplied the applicable law in concluding that plaintiff is entitled to compensation for permanent total disability pursuant to G.S. § 97-29. Defendants argue that plaintiff's shoulder injury did not cause, or contribute to, her total and permanent incapacity to work, and that plaintiff's incapacity is due solely to the non-job-related arthritic condition of her hands, and is therefore not compensable. We reject their argument and affirm the Opinion and Award of the Commission.

Appellate review of an Opinion and Award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its legal conclusions. *Watkins v. City of Asheville*, 99 N.C. App. 302, 392 S.E.2d 754, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). The Commission is the sole judge of the credibility of the witnesses and the weight of the evidence, and its determination is binding on appeal, if supported by competent evidence, even though the evidence might also support contrary findings. *Id.*

There was competent evidence before the Commission to support its finding that plaintiff's work-related shoulder injury combined with

her non-work-related arthritic condition to render her totally disabled. Although plaintiff's arthritic hand condition had not prevented her from doing the "carousel" work which she performed prior to her shoulder injury, that job did not involve fine hand work or pressure to her hands. After her surgery, plaintiff could no longer perform the "carousel" work due to the restrictions on the use of her arms and shoulders; the three jobs offered plaintiff after her recovery from surgery each involved some fine hand work and pressure to her hands, which she could not do because of the arthritis. Although Dr. Gilbert candidly admitted that he could not be certain, he testified: "I think chances are fairly good that she probably could not have done these type of jobs if she was offered . . ." prior to her shoulder surgery. Likewise, Dr. Gwenesta Melton, a rheumatologist who treated plaintiff for her arthritis beginning in February 1991, testified that plaintiff's osteoarthritis pre-existed her shoulder injury and that, due to the combination of her illnesses, plaintiff was rendered unable to do repetitive motions in an assembly line setting.

The Commission's finding supports its conclusion that plaintiff is entitled to compensation for total permanent disability pursuant to G.S. § 97-29. Our courts have held that where a claimant is rendered totally unable to earn wages, partially as a result of a compensable injury and partially as a result of a non-work-related medical condition, the claimant is entitled to an award for total disability under G.S. § 97-29. *Weaver v. Swedish Imports Maintenance, Inc.*, 319 N.C. 243, 354 S.E.2d 477 (1987); *Errante v. Cumberland County Solid Waste Management*, 106 N.C. App. 114, 415 S.E.2d 583 (1992).

In the alternative, defendants contend that the Commission should have apportioned the award of compensation. Apportionment of an award of compensation for permanent total disability has been allowed by our courts where, as here, only a portion of a claimant's total disability is caused by the compensable injury and a portion is caused by a non-work-related infirmity, which is neither accelerated nor aggravated by the compensable injury. *Weaver*, 319 N.C. 243, 354 S.E.2d 477; *Errante*, 106 N.C. App. 114, 415 S.E.2d 583; *Gray v. Carolina Freight Carriers, Inc.*, 105 N.C. App. 480, 414 S.E.2d 102 (1992). However, even in such cases, apportionment is not proper where the evidence before the Commission renders an attempt at apportionment between work-related and non-work-related causes speculative, *Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 366 S.E.2d 47 (1985); or where there is no evidence attributing a percentage of the claimant's total incapacity to her compensable injury, and

a percentage to the non-compensable condition. *Errante*, 106 N.C. App. 114, 415 S.E.2d 583.

Though Dr. Gilbert assigned plaintiff a twenty percent permanent partial disability rating for both arms, the rating does not address the question of what percentage of her total disability to earn wages was attributable to her compensable arm and shoulder injury and what percentage was attributable to her non-compensable osteoarthritic condition. Thus, there was no evidence from which the Commission could apportion the award and plaintiff is entitled to full compensation for her total and permanent disability. *Harrell*, 314 N.C. 566, 366 S.E.2d 47; *Errante*, 106 N.C. App. 114, 415 S.E.2d 583.

Affirmed.

Chief Judge ARNOLD and Judge EAGLES concur.