CARLOS ALBERTO GUERRERO, Employee, Plaintiff v. BRODIE CONTRACTORS, INC., Employer, and AMERISURE INSURANCE COMPANY, Carrier, Defendants

No. COA02-1103

(Filed 1 July 2003)

**1. Workers' Compensation— temporary total disability benefits—justifiable refusal of position**

The Industrial Commission did not err in a workers' compensation case by finding and concluding that plaintiff employee justifiably refused the position offered by defendants, concluding the Form 24 application was improvidently approved, and concluding plaintiff's temporary total benefits should be reinstated until further order of the Commission. The finding and conclusion that plaintiff enjoys a presumption of disability that defendants failed to rebut were unnecessary to the Commission's resolution of the present controversy.

**2. Workers' Compensation— temporary total disability benefits—maximum medical improvement**

Although defendants contend the Industrial Commission erred in a workers' compensation case by awarding plaintiff

GUERRERO v. BRODIE CONTRS., INC.

[158 N.C. App. 678 (2003)]

employee temporary total disability benefits beyond the date plaintiff allegedly reached maximum medical improvement, the issue of maximum medical improvement was not germane to the Commission's decision and the absence of findings on the issue was not error.

### 3. Workers' Compensation— permanent partial disability benefits—credit for lump sum payment

Although the Industrial Commission erred in a workers' compensation case by neglecting to award a credit to defendants for payment of the lump sum permanent partial disability award, defendants cite no law to support their assertion that plaintiff employee is barred from contesting the validity of the permanent partial disability benefits merely based on the fact that he accepted the award.

### 4. Workers' Compensation— medical compensation— limitations

The Industrial Commission did not err in a workers' compensation case by awarding plaintiff employee medical benefits allegedly without limitation, because the award is not overly broad and would be subject to the limitations of N.C.G.S. § 97-25.1 should the conditions arise under which the limitations operate.

### 5. Appeal and Error— cross-assignment of error—cross-appeal

Although plaintiff employee cross-assigns error to the Industrial Commission's failure to award sanctions against defendants under N.C.G.S. § 97-88.1, this issue is not properly before the Court of Appeals because it is raised as a cross-assignment of error rather than a cross-appeal and it does not assert any error by the Commission which deprived plaintiff of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.

### 6. Workers' Compensation— attorney fees—cross-assignment of error

Although plaintiff employee contends the Court of Appeals should award plaintiff attorney fees under N.C.G.S. § 97-88 if it affirms the amended opinion and award of the Industrial Commission in a workers' compensation case, this request is not properly raised as a cross-assignment of error and even assuming

that plaintiff properly moved for expenses and fees, the Court of Appeals declines in its discretion to issue such an order.

Appeal by defendants from the amended opinion and award entered 30 April 2002 by the Full Commission. Heard in the Court of Appeals 21 May 2003.

*Law Offices of George W. Lennon, by George W. Lennon, for plaintiff-appellee.*

*Wishart, Norris, Henninger & Pittman, P.A., by William A. Navarro, for defendant-appellants.*

MARTIN, Judge.

Defendants appeal from an opinion and award of the Full Commission reinstating payment of temporary total disability compensation to plaintiff. Plaintiff sustained a laceration and fracture to his neck when he fell down an elevator shaft on 3 April 1997 while he was working for defendant-employer as a masonry laborer. Defendants filed an I.C. Form 19, Employer's Report of Injury to Employee, on 14 April 1997, and plaintiff filed an I.C. Form 18, Notice of Accident to Employer and Claim of Employee, on 20 May 1997. Defendants later executed an I.C. Form 63, Notice to Employee of Payment of Compensation Without Prejudice to Later Deny the Claim Pursuant to N.C. Gen. Stat. § 97-18(d), to commence payment of disability compensation on 1 May, which was filed with the Commission on 27 October 1997. As a result of the injury, plaintiff underwent "extensive medical treatment," including surgery, and began treatment with Dr. Thomas A. Dimmig in December 1997.

According to uncontested findings of fact of the Full Commission, on 15 December 1997, the case manager assigned by defendant-carrier to plaintiff's claim submitted a job description to Dr. Dimmig for approval. Plaintiff then attempted to return to work with defendant-employer several times. However, he was placed in a position involving heavier work than that approved by Dr. Dimmig and was only able to work a few hours on each occasion due to neck pain and dizziness. On 13 April 1998, plaintiff reported to Dr. Dimmig that the job to which he had returned was different than the one the physician had approved. On the same day, defendants filed a Form 24, Application to Terminate or Suspend Payment of Compensation Pursuant to N.C. Gen. Stat. § 97-18.1, seeking to terminate plaintiff's disability benefits because "[c]laimant was

released to return to light duty work 12/15/97. Light duty was available. Job description approved by the treating physician. Claimant has refused to return to work." On 11 May 1998, Dr. Dimmig wrote to defendant-carrier to explain that the proffered job was outside plaintiff's medical restrictions. Defendant-employer sent no alternative job descriptions to Dr. Dimmig for approval and offered plaintiff no other position.

After a telephonic hearing, the Form 24 application was approved and plaintiff's benefits terminated from 30 March 1998. After plaintiff's Motion for Reconsideration was denied, plaintiff filed a Form 33, Request That Claim Be Assigned For Hearing, on 17 May 1999. Defendants filed a Form 33R on 22 February 2000 and a hearing was held before a deputy commissioner on 23 February 2000. On 1 March 2000, plaintiff made a motion to reinstate temporary total disability benefits, which was denied on 4 April 2000. The deputy commissioner's Amended Opinion and Order, filed on 12 March 2001, awarded plaintiff, *inter alia*, temporary total disability benefits from 30 March 1998 to 12 October 1998, the date Dr. Dimmig declared plaintiff had reached maximum medical improvement, and 30 weeks of permanent partial disability benefits based on the 10 percent permanent partial disability rating Dr. Dimmig had assigned to plaintiff. Plaintiff appealed to the Full Commission, which reinstated plaintiff's temporary total disability benefits from 30 March 1998 "and continuing until further Order of the Commission." The Commission also concluded defendants' filing of a Form 63 and subsequent defense of the claim did not merit sanctions and fees under G.S. § 97-88.1.

I.

The record on appeal contains fourteen assignments of error, which are presented in five arguments by defendants in their brief. Defendants argue the Full Commission erred as a matter of law in (1) granting plaintiff a presumption of disability, (2) awarding plaintiff temporary total disability benefits beyond the date of maximum medical improvement, (3) awarding plaintiff ongoing temporary total disability benefits where the findings of the Commission do not indicate plaintiff met his burden of proving the extent and degree of disability, (4) awarding plaintiff ongoing temporary total disability benefits where plaintiff had already accepted the award of permanent partial disability benefits awarded by the deputy commissioner, and (5) awarding medical benefits without limitation. We reject defendants' arguments, but remand the case for entry of an award properly cred-

iting defendants for any payments made pursuant to the deputy commissioner's award of permanent partial disability benefits.

[1] Defendants first argue the Full Commission erred in according plaintiff a presumption of disability where defendants had paid benefits pursuant to a Form 63 and plaintiff had failed to satisfy his initial burden of establishing disability. This Court's review of a decision of the Full Commission is limited to whether there is competent evidence in the record to support the findings of fact and those findings support the conclusions of law. *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998). The primary issue before the Commission was whether the approval of the Form 24 filed by defendants to terminate plaintiff's benefits was proper. We believe the record supports the conclusion that it was not.

The statutory provision authorizing payment of temporary disability benefits without prejudice is G.S. § 97-18(d), which states in pertinent part:

(d) In any claim for compensation in which the employer or insurer is uncertain on reasonable grounds whether the claim is compensable or whether it has liability for the claim under this Article, the employer or insurer may initiate compensation payments without prejudice and without admitting liability. The initial payment shall be accompanied by a form prescribed by and filed with the Commission, stating that the payments are being made without prejudice. Payments made pursuant to this subsection may continue until the employer or insurer contests or accepts liability for the claim or 90 days from the date the employer has written or actual notice of the injury . . . . If the employer or insurer does not contest the compensability of the claim or its liability therefor within 90 days from the date it first has written or actual notice of the injury or death, or within such additional period as may be granted by the Commission, it waives the right to contest the compensability of and its liability for the claim under this Article.

N.C. Gen. Stat. § 97-18(d) (2001). Once an employer and/or carrier commences payment of temporary total benefits without prejudice, payment of the benefits may be terminated or suspended pursuant to G.S. § 97-18.1(b) or (c):

(b) An employer may terminate payment of compensation for total disability being paid pursuant to G.S. 97-29 when the

## GUERRERO v. BRODIE CONTRS., INC.

[158 N.C. App. 678 (2003)]

employee has returned to work for the same or a different employer, subject to the provisions of G.S. 97-32.1, or when the employer contests a claim pursuant to G.S. 97-18(d) within the time allowed thereunder. . . .

(c) An employer seeking to terminate or suspend compensation being paid pursuant to G.S. 97-29 for a reason other than those specified in subsection (b) of this section shall notify the employee . . . in writing of its intent to do so on a form prescribed by the Commission. . . . This form shall contain the reasons for the proposed termination or suspension of compensation, be supported by available documentation, and inform the employee of the employee's right to contest the termination or suspension . . . .

N.C. Gen. Stat. § 97-18.1(b) & (c) (2001). In the present case, defendants continued to pay plaintiff benefits beyond the 90-day period without contesting the compensability of or liability for the claim. Therefore, defendants, alleging an unjustified refusal to return to work by plaintiff, properly filed a Form 24 application to terminate benefits in accordance with G.S. § 97-18.1(c). However, defendants failed to convince the Commission that plaintiff's refusal to return to work was unjustified and a termination of benefits proper.

Defendants assign error to Finding of Fact 9 in the Amended Opinion and Award, which states:

The greater weight of the competent evidence establishes the job procured for Plaintiff and to which Plaintiff actually returned with Defendant-Employer was heavy-level work as a Masonry Assistant. Dr. Dimmig opined that the Plaintiff could work within the confines of "medium type work," as outlined in the FCE. This job was improper for Plaintiff as it was outside of the work restrictions assigned by Dr. Dimmig. Because the work actually assigned was outside his work restrictions and because he was unable to perform the work offered, Plaintiff did not return to work with Defendant-Employer.

Defendants failed to assign error to other similar findings of the Commission on the same issues. N.C.R. App. P. 10(a) (2003). In addition, we hold there is competent evidence in the record to support Finding of Fact 9. Therefore, we decline to disturb the finding on appeal. The finding and conclusion that plaintiff enjoys a presumption of disability that defendants failed to rebut were unnecessary to

the Commission's resolution of the present controversy, thus we need not evaluate whether they are supported by the record or law. The Commission did not err in finding and concluding that plaintiff justifiably refused the position offered by defendants, concluding the Form 24 application was improvidently approved, and concluding plaintiff's benefits should be reinstated until further order of the Commission. This determination as to defendants' first argument also resolves defendants' third argument.

[2] Defendants next argue the Commission erred in awarding plaintiff temporary total disability benefits beyond 12 October 1998, the date plaintiff allegedly reached maximum medical improvement. Defendants also point to the fact that the Commission made no findings regarding the issue of maximum medical improvement, and argue that the case should be remanded for resolution of these issues. Due to our holding as to defendants' first argument, the issue of maximum medical improvement was not germane to the Commission's decision and the absence of findings on the issue is not error. We note, however, that the issue raised by defendants as to whether the Commission may award payment of temporary total disability benefits beyond the date of maximum medical improvement was recently resolved in *Knight v. Wal-Mart Stores, Inc.*, 149 N.C. App. 1, 562 S.E.2d 434 (2002), *affirmed*, 357 N.C. 44, 577 S.E.2d 620 (2003).

[3] In their fourth argument, defendants contend the Commission erred in awarding plaintiff ongoing temporary total disability benefits after he had accepted the award of permanent partial disability benefits awarded by the deputy commissioner pursuant to G.S. § 97-31. Defendants correctly assert that an employee may not receive benefits simultaneously under G.S. §§ 97-29 or 97-30 and 97-31. The Commission found that pursuant to the deputy commissioner's opinion and order:

> Defendants made a lump sum compensation payment to Plaintiff for benefits beginning on March 30, 1998 and continuing until October 12, 1998 and Plaintiff's 10% permanent partial disability rating for his back in the amount of $7,200.03.

In its conclusions of law and award, the Commission declared defendants were entitled to a "credit for all amounts earned in Plaintiff's failed attempt to return to work [and] compensation paid to plaintiff between March 30, 1998 and October 12, 1998."

Defendants cite no law to support their assertion that "[b]y accepting [the award for permanent partial disability] benefits the Employee is barred from contesting its validity" and we decline to make the argument for them. N.C.R. App. P. 28(b)(6) (2003). However, it does appear that the Commission neglected to award a credit to defendants for payment of the lump sum permanent partial disability award. Therefore, we remand the case in part for entry of an award fully crediting defendants and preventing any double recovery by plaintiff.

**[4]** Lastly, defendants argue that the Commission erred by awarding plaintiff medical benefits "without limitation," when, in fact, "[t]he award . . . is necessarily limited by the operation of N.C.G.S. § 97-25-1 [sic]." Defendants do not argue that plaintiff is not entitled to medical compensation for treatment related to his compensable injury under G.S. § 97-25. G.S. § 97-25.1 states that:

> The right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation unless, prior to the expiration of this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation. If the Commission determines that there is a substantial risk of the necessity of future medical compensation, the Commission shall provide by order for payment of future necessary medical compensation.

N.C. Gen. Stat. § 97-25.1 (2001). The Commission concluded "[p]laintiff is entitled to have Defendants pay for medical treatment incurred or to be incurred as a result of his compensable injury by accident of April 3, 1997. N.C.G.S. § 97-25." In its award, the Commission declared that "[d]efendants shall pay for all medical treatment incurred or to be incurred as a result of Plaintiff's compensable accident for so long as such treatment effects a cure, gives relief, or tends to lessen Plaintiff's period of disability." The award does not appear to override the provisions of G.S. § 97-25.1 and the record does not indicate that the issue of whether the two-year statute of limitations had begun to run was before the Commission. Therefore, we hold that the award is not overly broad and would be subject to the limitations of G.S. § 97-25.1, should the conditions arise under which the limitations operate.

## II.

Plaintiff presents three cross-assignments of error. By arguments that correspond to the cross-assignments of error, plaintiff argues that (1) if this Court held the Commission erred in awarding temporary total disability benefits beyond the date of maximum medical improvement, the proper remedy would be to remand for entry of an award of permanent and total disability, (2) the Commission erred in failing to award sanctions against defendants under G.S. § 97-88.1, and (3) if this Court affirms the Amended Opinion and Award of the Commission, it should award plaintiff attorneys' fees pursuant to G.S. § 97-88.

[5] Due to our resolution of defendants' arguments regarding maximum medical improvement, we need not address plaintiff's first argument. Plaintiff's second argument is not properly before this Court because it is raised as a cross-assignment of error rather than as a cross-appeal; it does not assert any error by the Commission "which deprived [plaintiff] of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." N.C.R. App. P. 10(d) (2003); *Williams v. North Carolina Dep't of Economic & Community Dev.*, 119 N.C. App. 535, 539, 458 S.E.2d 750, 753 (1995).

[6] With regard to plaintiff's third cross-assignment of error, we note that a request to this Court for an award of fees pursuant to G.S. § 97-88 is also not properly raised as a cross-assignment of error. N.C.R. App. P. 10(d) (2003). G.S. § 97-88 provides that:

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, . . . , to the injured employee, the Commission or court *may* further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

N.C. Gen. Stat. § 97-88 (2001) (emphasis added). Even assuming plaintiff had properly moved for expenses and fees under G.S. § 97-88, this Court declines in its discretion to issue such an order. The Amended Opinion and Award of the Commission is affirmed in

**CARTER v. ROCKINGHAM CTY. BD. OF EDUC.**

[158 N.C. App. 687 (2003)]

part and remanded in part for entry of an award properly crediting defendants for the lump sum payment of the permanent partial disability benefits awarded by the deputy commissioner.

Affirmed in part; remanded in part.

Judges HUNTER and GEER concur.