ANDREA GREGORY, Employee, Plaintiff-Appellee v. W.A. BROWN & SONS, Employer, PMA INSURANCE GROUP, Carrier, Defendants-Appellants

No. COA07-1265

(Filed 19 August 2008)

## 1. Workers' Compensation— injury—specific traumatic incident—judicially cognizable time period

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee sustained a specific traumatic incident on some unknown date during the week of 11 October 2001 or on or about 10 October 2001 even though defendants contend that plaintiff was not at work at the time she claimed the incident occurred because: (1) while case law interpreting the specific traumatic incident provision of N.C.G.S. § 97-2(6) requires plaintiff to prove an injury at a cognizable time, it does not compel plaintiff to allege the specific

**GREGORY v. W.A. BROWN & SONS**

[192 N.C. App. 94 (2008)]

hour or day of the injury, and instead events which occur contemporaneously during a cognizable time period and which cause a back injury fit the definition intended by the legislature; (2) although plaintiff identified a particular date on which the incident occurred and her time records showed she did not work that particular morning, plaintiff's testimony, along with other evidence, placed the specific traumatic incident within a judicially cognizable time period; (3) plaintiff's testimony that the incident occurred on 11 October 2001, coupled with the evidence that she sought medical treatment on 14 October 2001 and could not work on 15 October 2001 or after 16 October 2001, establishes that the specific traumatic incident occurred on or about 10 October 2001 or on some unknown date during the week of 11 October 2001; and (4) plaintiff's treating neurosurgeon testified that plaintiff's work-related incident during the week of 11 October 2001 more likely than not exacerbated plaintiff's pre-existing back condition.

**2. Workers' Compensation— disability—sufficiency of testimony—failure to cite authority**

The Industrial Commission did not err in a workers' compensation case by its conclusions regarding plaintiff employee's disability as a result of a lifting incident even though defendants contend no testimony was presented to support a finding that the described lifting incident occurred on any day during the week of 11 October 2001, nor did the Commission err by reserving the issue of plaintiff's continued disability beyond 5 March 2005, because: (1) the Court of Appeals already concluded plaintiff's testimony, coupled with the evidence, provided sufficient proof of disability; and (2) defendants abandoned its argument regarding continued disability by failing to cite any legal authority as required by N.C. R. App. P. 28(b)(6).

**3. Workers' Compensation— failure to provide employer with written notice of injury—actual knowledge**

The Industrial Commission did not err in a workers' compensation case by concluding plaintiff employee satisfied the requirements of N.C.G.S. § 97-22 because: (1) the failure of an employee to provide written notice of her injury within thirty days will not bar her claim where the employer has actual knowledge of her injury; (2) the findings of fact showed defendant employer had actual knowledge of plaintiff's injury; and (3) defendant was not prejudiced by plaintiff's failure to provide written notice.

**4. Workers' Compensation— future medical compensation— limitation—failure to cite authority**

The Industrial Commission did not err in a workers' compensation case by awarding medical compensation to plaintiff employee even though defendants contend the Commission failed to find or conclude that there was a substantial risk of the necessity of future medical compensation because: (1) defendants abandoned this argument by failing to cite authority in support of this argument as required by N.C. R. App. P. 28(b)(6); and (2) even assuming arguendo that this issue was properly before the Court of Appeals, the Commission's award was subject to the limitations of N.C.G.S. § 97-25.1 should the conditions arise under which the pertinent limitations operated.

**5. Workers' Compensation— employer credit—entitlement**

The Industrial Commission did not abuse its discretion in a workers' compensation case by concluding defendants were not entitled to a credit for compensation received by plaintiff employee under a disability policy provided by defendant employer because: (1) N.C.G.S. § 97-42 provides that the decision of whether to grant a credit is within the Commission's sound discretion; (2) neither our Supreme Court nor our Court of Appeals has held that an employer is necessarily entitled to a credit against a workers' compensation award for payments received by an injured employee under a benefits program that has been partially funded by the employee; and (3) defendants stipulated at the hearing before a deputy commissioner that the short-term and long-term disability plans giving plaintiff benefits were partially funded by plaintiff.

**6. Workers' Compensation— coworker's testimony—improper service of subpoena—unusual circumstance—post-hearing deposition**

Although plaintiff failed to comply with N.C.G.S. § 1A-1, Rule 45(b)(1) when she personally served a subpoena upon a coworker, plaintiff's failure to properly serve the subpoena was an unusual circumstance warranting the taking of the coworker's post-hearing deposition at plaintiff's expense pursuant to Workers' Compensation Rule 612(3) where credibility was an issue in the case, and the coworker had potentially pertinent information regarding that issue.

**7. Workers' Compensation— disability and entitlement to indemnity and medical compensation—remand to deputy commissioner**

The Industrial Commission did not err in a workers' compensation case by its remand to a deputy commissioner in its 2005 opinion and award instructing the commissioner to enter an opinion and award on the issue of plaintiff's disability and entitlement to indemnity and medical compensation because: (1) the Industrial Commission has authority to review, modify, adopt, or reject findings of a hearing commissioner; (2) the transcript was insufficient to resolve several of the issues, and thus the Commission properly remanded the case for further hearing before a deputy commissioner; (3) following entry of the commissioner's opinion and award, the Commission reviewed the evidence de novo and adopted the commissioner's opinion and award with two exceptions; and (4) the Commission properly entered its own opinion and award with its own findings of fact and conclusions of law.

Judge JACKSON concurring in part and dissenting in part.

Appeal by Defendants from opinion and award entered 11 May 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 16 April 2008.

*DeVore, Acton, & Stafford, P.A., by William D. Acton, Jr., for Plaintiff-Appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Neil P. Andrews and Jennifer P. Pulley, for Defendants-Appellants.*

McGEE, Judge.

Andrea Gregory (Plaintiff) filed a Form 18 on 5 February 2002 claiming benefits for a back injury allegedly caused by a specific traumatic incident that occurred while Plaintiff was working for W.A. Brown & Sons (Defendant-Employer). Defendant-Employer and its carrier, PMA Insurance Group (collectively Defendants), denied Plaintiff's claim, and Plaintiff requested that her claim be assigned for hearing.

Deputy Commissioner Morgan S. Chapman (Deputy Commissioner Chapman) held a hearing on 16 September 2003. One of Plaintiff's lay witnesses, Tony Harding (Mr. Harding), did not appear for the hearing, and Plaintiff testified that she had personally deliv-

ered a subpoena to Mr. Harding in advance of the hearing. At the close of the hearing, Plaintiff "moved that she be allowed to depose [Mr.] Harding who did not appear for the hearing to testify." The parties also requested additional time to depose necessary medical witnesses. Deputy Commissioner Chapman entered an order on 10 October 2003 allowing Plaintiff sixty days to depose Mr. Harding at Plaintiff's expense and thirty additional days in which to submit Mr. Harding's deposition transcript. Deputy Commissioner Chapman also allowed the parties sixty days to depose necessary medical witnesses at Defendants' expense and thirty additional days to submit their depositions.

Deputy Commissioner Chapman entered an opinion and award on 28 April 2004 denying Plaintiff's claim for benefits. Deputy Commissioner Chapman concluded that Plaintiff had sustained an injury by accident arising out of and in the course of her employment with Defendant-Employer on an unknown date during the week of 11 October 2001. However, Deputy Commissioner Chapman also concluded that Plaintiff's claim was barred because Plaintiff failed to give Defendant-Employer written notice of the injury within thirty days.

Plaintiff and Defendants appealed to the North Carolina Industrial Commission (the Commission), and the Commission filed an opinion and award on 18 January 2005 (2005 opinion and award) reversing Deputy Commissioner Chapman's opinion and award. The Commission concluded that "[o]n an unknown date during the week of October 11, 2001, [P]laintiff sustained an injury by accident arising out of and in the course of her employment with [D]efendant [-Employer] in that she sustained a back injury as the result of a specific traumatic incident of the work assigned." The Commission also concluded that "[t]he aggravation or exacerbation of [P]laintiff's pre-existing back condition as a result of a specific traumatic incident, which has resulted in loss of wage earning capacity, is compensable under the Workers' Compensation Act." The Commission further concluded that Defendants had actual notice of Plaintiff's work-related injury. The Commission concluded that even if Defendants did not have actual notice, "[P]laintiff's failure to give written notice within thirty days [was] reasonably excused because [P]laintiff did not reasonably know of the nature, seriousness, or probable compensable character of her injury until after extensive treatment with Dr. Roy, her treating physician." The Commission remanded the matter for assignment to a deputy commissioner "for the taking of additional

evidence or further hearing, if necessary, and the entry of an Opinion and Award with findings on the issues of (1) the extent of [P]laintiff's disability; (2) the amount of indemnity benefits due [P]laintiff; and (3) the extent of medical compensation due [P]laintiff."

Defendants appealed to our Court, and Plaintiff filed a motion to dismiss Defendants' appeal on the grounds that Defendants' appeal was interlocutory and did not affect a substantial right. We entered an order on 3 June 2005 dismissing Defendants' appeal.

On remand of the Commission's 2005 opinion and award, Deputy Commissioner John B. Deluca (Deputy Commissioner Deluca) filed an opinion and award on 4 May 2006. Defendants appealed, and the Commission filed an opinion and award on 11 May 2007 (2007 opinion and award), adopting Deputy Commissioner Deluca's opinion and award "except with regard to the issue of the causal relationship of [P]laintiff's leg and hip pain to the compensable injury and the issue of ongoing disability." The Commission made numerous findings of fact, including a finding that the Commission's 2005 opinion and award "is incorporated by reference as if fully set forth herein." The Commission concluded that "[o]n or about October 10, 2001, [P]laintiff sustained a compensable injury as the result of a specific traumatic incident that aggravated her pre-existing back condition." However, the Commission concluded that Plaintiff had "failed to carry the burden of proving by competent evidence that a causal relationship existed between the work-related accident and her left leg and hip pain." The Commission concluded that as a result of her compensable specific traumatic incident, Plaintiff was totally disabled from 16 October 2001 until 31 May 2005, and also concluded that Plaintiff was entitled to receive disability compensation for that period of time. The Commission concluded that Defendants were not entitled to a credit for short-term and long-term disability payments received by Plaintiff and further concluded that "Defendants are required to provide [P]laintiff with reasonably necessary medical treatment related to her compensable back injury by accident that tends to effect a cure, provide relief, or lessen the period of disability." In its award, the Commission stated as follows: "In that the record contains insufficient evidence concerning the extent of [P]laintiff's disability, if any, after May 31, 2005, this issue is RESERVED for future determination." Defendants appeal.

Our review of an opinion and award by the Commission is limited to two inquiries: (1) whether there is any competent evidence in the

record to support the Commission's findings of fact; and (2) whether the Commission's conclusions of law are justified by the findings of fact. *Counts v. Black & Decker Corp.*, 121 N.C. App. 387, 389, 465 S.E.2d 343, 345, *disc. review denied*, 343 N.C. 305, 471 S.E.2d 68 (1996). If supported by competent evidence, the Commission's findings are conclusive even if the evidence might also have supported contrary findings. *Jones v. Candler Mobile Village*, 118 N.C. App. 719, 721, 457 S.E.2d 315, 317 (1995). We review the Commission's conclusions of law *de novo*. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 171, 579 S.E.2d 110, 113, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003).

I.

**[1]** Defendants first argue the Commission erred by concluding that Plaintiff sustained a specific traumatic incident on some unknown date during the week of 11 October 2001 or on or about 10 October 2001. Specifically, Defendants argue that these conclusions "are not supported by the competent evidence regarding when Plaintiff's alleged lifting incident occurred." Defendants contend that Plaintiff "claims she was picking up a bucket of pods and felt pain in her lower back [on 11 October 2001]" and that "Plaintiff has never wavered in the identification of October 11, 2001, as the specific date she claims to have been injured at work." However, Defendants point to the Commission's finding in the 2005 opinion and award that "[Plaintiff's] time records show she did not work that particular morning." Defendants also argue that the Commission's conclusions are premised upon a misapprehension of law. Specifically, Defendants argue that "the caselaw does not permit the Commission to create a date of injury or to substitute its own findings when the evidence is insufficient."

In its 2005 opinion and award, the Commission found as follows: "Plaintiff alleges that she was injured on October 11, 2001, after her morning break; however, her time records show she did not work that particular morning. Nonetheless, the Full Commission finds that [P]laintiff did suffer an injury on an unknown date that same week." In its 2007 opinion and award, the Commission found that "Plaintiff sustained a back injury as a result of a specific traumatic incident on or about October 10, 2001."

These findings of fact are supported by competent evidence. Plaintiff testified that when she tried to pick up a bucket of metal pods weighing sixty to seventy pounds, she "felt a pop" in the lower

GREGORY v. W.A. BROWN & SONS

[192 N.C. App. 94 (2008)]

part of her back. Plaintiff testified that this occurred some time between 9:40 a.m. and 12:00 p.m. on Thursday, 11 October 2001. Plaintiff also testified that at the time of the incident, she was working with Mr. Harding, and that Mr. Harding came over to her and "asked what was wrong." Plaintiff testified that Mr. Harding called over Rick Dunaway (Mr. Dunaway) and that Mr. Dunaway went to get Plaintiff's supervisor, Barry Christy (Mr. Christy). Plaintiff also testified that Mr. Christy gave her a back brace.

Plaintiff further testified that she went to ProMed, a medical clinic, on Sunday, 14 October 2001, complaining of back pain. Plaintiff's testimony is corroborated by a ProMed medical report stating that Plaintiff was treated for low back pain on 14 October 2001. Plaintiff testified that she was unable to work on Monday, 15 October 2001 due to her back pain, and that she went to work on Tuesday, 16 October 2001, but that she only worked until 11:00 a.m. or 12:00 p.m. Specifically, Plaintiff testified that on Tuesday, 16 October 2001, Mr. Christy told Plaintiff that she should go home due to "the way [Plaintiff] was walking." Plaintiff further testified that Pam Cordts (Ms. Cordts) in Defendant-Employer's human resources department also told Plaintiff "that they [were] needing to get [her] out of Brown because of the way [she] was walking." Plaintiff testified that she left work on Tuesday, 16 October 2001, and that since then, she has not been able to return to work.

Mr. Harding testified that he was working with Plaintiff when she injured her back lifting a bucket of metal pods. Although Mr. Harding could not state with certainty whether he worked with Plaintiff on 11 October 2001, he did testify as to a previous statement that he had written, in which he stated:

On 10/11/2001 [Plaintiff] and I were working on our jobs as process technicians. [Plaintiff] was my work partner on this day. When [Plaintiff] picked up a crate of metal pods, I noticed that her facial expression dramatically changed as if she had just felt pain. [Plaintiff] put the crate down and said her back was hurting. She then went and advised our team leader, [Mr.] Dunaway.

Mr. Harding testified that this statement was true and accurate.

Defendants argue that Plaintiff's time records show that she arrived at work on 11 October 2001 at 6:59 a.m., punched out at 8:31 a.m., and did not return to work until 12:05 p.m. Therefore, Defendants contend that Plaintiff was not at work at the time she

claimed the incident occurred. However, Plaintiff's testimony that the incident occurred on 11 October 2001, coupled with the evidence that she sought medical treatment on 14 October 2001 and could not work on 15 October 2001 or after 16 October 2001, establishes that the specific traumatic incident occurred on or about 10 October 2001 or on some unknown date during the week of 11 October 2001. Therefore, the Commission's findings of fact are supported by competent evidence and the Commission's findings of fact support the challenged conclusions of law.

Moreover, the Commission did not enter its conclusions of law under a misapprehension of the law. The Workers' Compensation Act provides:

> With respect to back injuries, . . . where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.

N.C. Gen. Stat. § 97-2(6) (2007). "While the case law interpreting the specific traumatic incident provision of N.C. Gen. Stat. § 97-2(6) requires the plaintiff to prove an injury at a cognizable time, this does not compel the plaintiff to allege the specific hour or day of the injury." *Fish v. Steelcase, Inc.*, 116 N.C. App. 703, 708, 449 S.E.2d 233, 237 (1994), *cert. denied*, 339 N.C. 737, 454 S.E.2d 650 (1995). Rather, "[e]vents which occur contemporaneously, during a cognizable time period, and which cause a back injury, fit the definition intended by the legislature." *Id.*

In *Fish*, our Court held that the Commission erred by determining that the plaintiff's injury did not occur at a judicially cognizable time. *Id.* at 709, 449 S.E.2d at 237. The findings established that the plaintiff identified mid-April 1989 as the time frame in which the injury occurred. *Id.* at 709, 449 S.E.2d at 237-38. The findings also established that the incident occurred at some time between 8 April and 1 May 1989. *Id.* at 709, 449 S.E.2d at 238. Our Court held: "Even though there are a variety of possible dates for the specific traumatic incident, the plaintiff's evidence, if believed, satisfies the judicially cognizable time requirement." *Id.* Our Court held that the plaintiff had satisfied this requirement even though the plaintiff identified 17 April 1989 as the specific date on which the injury occurred, and the Commission found this claim not credible. *Id.* Our Court held:

This finding is simply a misunderstanding of the burden the plaintiff must meet to prove a back injury. *Judicially cognizable* does not mean "ascertainable on an exact date." Instead, the term should be read to describe a showing by [the] plaintiff which enables the Industrial Commission to determine when, within a reasonable period, the specific injury occurred. The evidence must show that there was some event that caused the injury, not a gradual deterioration. If the window during which the injury occurred can be narrowed to a judicially cognizable period, then the statute is satisfied.

*Id.*

In the present case, as in *Fish*, Plaintiff identified a particular date on which the incident occurred. However, as demonstrated by the Commission's finding in the present case, "[Plaintiff's] time records show she did not work that particular morning." Therefore, as in *Fish*, Plaintiff's identification of that specific time period is not credible. Nevertheless, Plaintiff's testimony, along with other evidence, placed the specific traumatic incident within a judicially cognizable time period. Plaintiff's testimony as to the date of the incident, which was corroborated by Mr. Harding's testimony, as well as Plaintiff's testimony that she sought treatment on 14 October 2001 and could not work on 15 October 2001 or after 16 October 2001, establishes that the specific traumatic incident occurred at a judicially cognizable time. Accordingly, we hold the Commission did not err.

In their reply brief, Defendants state that the Court of Appeals "has previously declined to follow *Fish* where the plaintiff was able to identify the actual date of the injury." In support of this proposition, Defendants cite *Rogers v. Smoky Mountain Petroleum Co.*, 172 N.C. App. 521, 617 S.E.2d 292 (2005). However, *Rogers* is inapposite. Even though the actual date of the alleged injury was not at issue in *Rogers*, our Court held that there was insufficient competent evidence regarding the cause of the plaintiff's alleged back injury. *Id.* at 528-29, 617 S.E.2d at 297. Therefore, we held that the plaintiff failed to prove he sustained a work-related injury to his back. *Id.* In contrast, and for the reasons that follow, Plaintiff in the present case presented sufficient evidence that her back injury was caused by a specific traumatic incident at work.

Defendants argue that Plaintiff failed to prove that the specific traumatic incident caused a compensable aggravation of her pre-

existing back condition. Specifically, Defendants argue that Plaintiff's medical records establish that she "had at least a six month history of back pain when she sought treatment on October 14, 2001." However, on appeal of an opinion and award of the Commission, our review is limited to a determination of whether the Commission's findings of fact are supported by competent evidence, even if the evidence would have supported contrary findings. *Jones*, 118 N.C. App. at 721, 457 S.E.2d at 317. We then determine whether the findings of fact support the conclusions of law, and whether the conclusions of law are correct. *Counts*, 121 N.C. App. at 389, 465 S.E.2d at 345.

In the case before us, Plaintiff's treating neurosurgeon, Dr. Ranjan Roy (Dr. Roy), testified that Plaintiff's work-related incident during the week of 11 October 2001 more likely than not exacerbated Plaintiff's pre-existing back condition. This evidence supports the Commission's finding that "[a]s a result of this specific traumatic incident, [Plaintiff] sustained an injury to her back that aggravated her preexisting degenerative condition." This finding, in turn, supports the Commission's conclusions that "[P]laintiff sustained an injury by accident arising out of and in the course of her employment with [D]efendant[-Employer] in that she sustained a back injury as the result of a specific traumatic incident of the work assigned" and that "[t]he aggravation or exacerbation of [P]laintiff's pre-existing back condition as a result of a specific traumatic incident, which has resulted in loss of wage earning capacity, is compensable under the Workers' Compensation Act." We overrule these assignments of error.

II.

[2] Defendants also argue that the Commission "rendered improper conclusions regarding Plaintiff's disability as a result of the lifting incident." Specifically, Defendants contend that "[a]s discussed above, no testimony was presented to support a finding that the described lifting incident occurred on any day during the week of October 11, 2001." In essence, Defendants make the same argument they made in Section I. For the same reasons, we overrule these assignments of error.

Defendants also argue that "there is no evidentiary support for the Commission's decision to reserve the issue of Plaintiff's continued disability beyond March 31, 2005." However, Defendants do not cite any legal authority in support of this argument, and we thus deem it abandoned. *See* N.C.R. App. P. 28(b)(6) (stating that "[a]ssignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned").

III.

[3] Defendants argue the Commission erred by concluding that Plaintiff satisfied the requirements of N.C. Gen. Stat. § 97-22, which provides:

> Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Article prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third person; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

N.C. Gen. Stat. § 97-22 (2007). Our Court has held that the "[f]ailure of an employee to provide written notice of her injury will not bar her claim where the employer has actual knowledge of her injury." *Lakey v. U.S. Airways, Inc.*, 155 N.C. App. 169, 172, 573 S.E.2d 703, 706 (2002), *disc. review denied*, 357 N.C. 251, 582 S.E.2d 271 (2003).

> In the case before us, the Commission concluded as follows:

> Defendants had actual notice of [P]laintiff's work-related injury, and resulting workers' compensation claim, (1) when [P]laintiff immediately reported her injury to her team leader, (2) when [P]laintiff's supervisor gave her a back support brace so that she could continue working; and (3) when her supervisor sent her to human resources to discuss her injury.

This conclusion is supported by several findings of fact. In finding of fact number five, the Commission found that after the incident at work, "Plaintiff immediately left her workstation to inform [Mr.] Dunaway, the team leader, about her injury. Plaintiff's statement that she reported the injury to [Mr.] Dunaway, as corroborated by [Mr.] Harding, is credible." Similarly, in finding of fact number nineteen, the Commission found that "[a]s soon as the injury occurred,

[P]laintiff left her work position to report the incident to her team leader, [Mr.] Dunaway, which is corroborated by her work partner, [Mr.] Harding."

These findings are supported by Plaintiff's testimony that after the incident, Mr. Harding came over to her and asked her what was wrong. Plaintiff then testified that Mr. Harding called over Mr. Dunaway and that Plaintiff told Mr. Dunaway that "[her] back had [gone] out. It popped." Mr. Harding corroborated Plaintiff's testimony by stating that after the incident, "[Plaintiff] then went and advised our team leader, [Mr.] Dunaway."

The Commission also found that "[Mr.] Dunaway reported the incident to [P]laintiff's supervisor, [Mr.] Christy, who subsequently gave [P]laintiff a back support belt." This finding is supported by Plaintiff's testimony that after she reported the incident to Mr. Dunaway, Mr. Dunaway went to find Plaintiff's supervisor, Mr. Christy. Plaintiff testified that she went to Mr. Christy's office and that Mr. Christy gave her a back brace.

The Commission also found that "[Plaintiff] reported for work on Tuesday but was so visibly impaired by pain that [Mr.] Christy referred [Plaintiff] to [Ms.] Cordts in human resources, which is corroborated by [Mr.] Christy's testimony." This finding is supported by Plaintiff's testimony that Mr. Christy told Plaintiff that she should go home on Tuesday, 16 October 2001, due to "the way [Plaintiff] was walking." Plaintiff testified that after she left Mr. Christy's office, "they carried [her] to [Ms.] Cordts['] office" in human resources and Ms. Cordts also told Plaintiff "that they [were] needing to get [her] out of Brown because of the way [she] was walking."

We hold that these findings of fact, which are supported by competent evidence, support the Commission's conclusion of law that Defendant-Employer had actual knowledge of Plaintiff's injury. In light of this actual knowledge, we also hold that Defendant-Employer was not prejudiced by Plaintiff's failure to provide written notice of her injury within thirty days. *See Chilton v. School of Medicine*, 45 N.C. App. 13, 18, 262 S.E.2d 347, 350 (1980). We thus overrule these assignments of error.

IV.

[4] Defendants also argue that "the competent evidence does not support the . . . Commission's award of medical compensation to Plaintiff." Specifically, Defendants argue that the Commission erred

by failing to find or conclude that there was a substantial risk of the necessity of future medical compensation.

Defendants have failed to cite authority in support of this argument, and we thus deem it abandoned. *See* N.C.R. App. P. 28(b)(6) (stating that "[a]ssignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned"). However, even assuming *arguendo* that this issue is properly before us, we hold the Commission did not err.

N.C. Gen. Stat. § 97-25.1 (2007) provides as follows:

> The right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation unless, prior to the expiration of this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation. If the Commission determines that there is a substantial risk of the necessity of future medical compensation, the Commission shall provide by order for payment of future necessary medical compensation.

Defendants' argument appears to be similar to the argument our Court rejected in *Guerrero v. Brodie Contrs., Inc.*, 158 N.C. App. 678, 582 S.E.2d 346 (2003). In *Guerrero*, the Commission declared in its award that the defendants "shall pay for all medical treatment incurred or to be incurred as a result of [the] [p]laintiff's compensable accident for so long as such treatment effects a cure, gives relief, or tends to lessen [the] [p]laintiff's period of disability." *Id.* at 685, 582 S.E.2d at 351 (quotation omitted). The defendants argued that "the Commission erred by awarding [the] plaintiff medical benefits without limitation, when, in fact, [t]he award . . . is necessarily limited by the operation of N.C.G.S. § 97-25[.1.]" *Id.* at 685, 582 S.E.2d at 350 (quotations omitted). Our Court held as follows:

> The award does not appear to override the provisions of G.S. § 97-25.1 and the record does not indicate that the issue of whether the two-year statute of limitations had begun to run was before the Commission. Therefore, we hold that the award is not overly broad and would be subject to the limitations of G.S. § 97-25.1, should the conditions arise under which the limitations operate.

*Id.* at 685, 582 S.E.2d at 351.

In the case before us, as in *Guerrero*, the Commission stated in its award that "Defendants shall pay all medical expenses incurred or to be incurred resulting from [P]laintiff's compensable back injury so long as it tends to [e]ffect a cure and give relief or lessen [P]laintiff's disability." Moreover, as in *Guerrero*, the record in the present case "does not indicate that the issue of whether the two-year statute of limitations had begun to run was before the Commission." *See id.* Therefore, as in *Guerrero*, we hold that the Commission's award is subject to the limitations of N.C.G.S. 97-25.1, "should the conditions arise under which the limitations operate." *See id.* We overrule these assignments of error.

V.

**[5]** Defendants also argue the Commission erred by concluding that "Defendants were not entitled to a credit for compensation received by Plaintiff pursuant to a disability policy provided by [Defendant-Employer]." N.C. Gen. Stat. § 97-42 (2007) provides:

> Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation.

"Pursuant to the statute, '[t]he decision of whether to grant a credit is within the sound discretion of the Commission.'" *Cox v. City of Winston-Salem*, 171 N.C. App. 112, 115, 613 S.E.2d 746, 748 (2005) (quoting *Shockley v. Cairn Studios Ltd.*, 149 N.C. App. 961, 966, 563 S.E.2d 207, 211 (2002), *disc. review denied*, 356 N.C. 678, 577 S.E.2d 888 (2003)). In *Cox*, our Court recognized:

> [I]f an employer contests a worker's compensation claim, but nevertheless pays the employee wage-replacement benefits which are fully funded by the employer and are not due and payable to the employee, then the employer "should not be penalized by being denied full credit for the amount paid as against the amount which [is] subsequently determined to be due the employee under workers' compensation."

*Id.* (quoting *Foster v. Western-Electric Co.*, 320 N.C. 113, 117, 357 S.E.2d 670, 673 (1987)). However, our Court also recognized that "neither the Supreme Court nor this Court has held that an employer is necessarily entitled to a credit against a worker's compensation

award for payments received by an injured employee pursuant to a benefits program that has been partially funded by the employee." *Id.* Our Court then held that the defendant-employer was not entitled to a credit for payments received by the plaintiff-employee pursuant to a benefits program that was partially funded by the plaintiff-employee. *Id.* at 117-18, 613 S.E.2d at 749. Likewise, in the present case, Defendants stipulated at the hearing before Deputy Commissioner Chapman that the short-term and long-term disability plans under which Plaintiff received benefits were partially funded by Plaintiff. Therefore, we hold that the Commission did not abuse its discretion by concluding that Defendants were not entitled to a credit for these payments. *See id.*

## VI.

[6] Defendants also argue that the Commission's "acceptance and consideration of [Mr.] Harding's testimony is contrary to law." Rule 612(3) of the Workers' Compensation Rules of the North Carolina Industrial Commission provides as follows:

> Except under unusual circumstances, all lay evidence must be offered at the initial hearing. Lay evidence can only be offered after the initial hearing by order of a Commissioner or Deputy Commissioner. The costs of obtaining lay testimony by deposition shall be borne by the party making the request unless otherwise ordered by the Commission.

Defendants argue that Plaintiff's method of attempted service upon Mr. Harding was ineffective and that this failure of service does not qualify as an unusual circumstance under Rule 612(3) warranting a post-hearing deposition. In that a subpoena may not personally be served by a party, it does appear that Plaintiff failed to comply with the rules related to method of service of a subpoena. *See* N.C. Gen. Stat. § 1A-1, Rule 45(b)(1) (2007) (stating: "Any subpoena may be served by the sheriff, by the sheriff's deputy, by a coroner, or by any person who is not a party and is not less than 18 years of age."). However, as Deputy Commissioner Chapman recognized:

> Since [P]laintiff did attempt to serve Mr. Harding and since credibility is at issue in this case and Mr. Harding would have potentially pertinent information regarding that issue, it appears that [P]laintiff should be allowed to take his deposition but only if she pays for the deposition and also pays for a videographer to film the proceeding.

We agree with this reasoning and hold that Plaintiff's failure to properly serve Mr. Harding was an unusual circumstance warranting the taking of his post-hearing deposition at Plaintiff's expense.

VII.

[7] Defendants also argue that the Commission's "remand to the Deputy Commission[er] contained in its . . . 2005 opinion and award was improper and contrary to law." Specifically, Defendants argue that while the Commission properly remanded the matter for further hearing, the Commission "improperly instructed the Deputy Commissioner hearing the matter on remand to enter an Opinion and Award on the issue of Plaintiff's disability and entitlement to indemnity and medical compensation. The Full Commission should have retained jurisdiction over the matter in the interest of avoiding unnecessary delay and confusion." We disagree.

In *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 374 S.E.2d 610 (1988), our Court recognized that "when [the] transcript is insufficient to resolve all the issues, the full Commission must conduct its own hearing or remand the matter for further hearing." *Id.* at 482, 374 S.E.2d at 613. Our Court further stated:

> After the hearing or after review of the transcript of the hearing before the deputy commissioner or hearing officer, the full Commission must make findings of fact, draw conclusions of law therefrom and enter the appropriate order. As we have pointed out before, the better practice would be for the full Commission to make its own findings of fact and not adopt the findings of fact of the deputy commissioner or hearing officer.

*Id.* at 482-83, 374 S.E.2d at 613. Our Court has also stated that "[t]he Industrial Commission has authority to review, modify, *adopt*, or reject findings of a hearing commissioner[.]" *Garmon v. Tridair Industries*, 14 N.C. App. 574, 576, 188 S.E.2d 523, 524 (1972) (emphasis added).

In the case before us, the transcript was insufficient to resolve several of the issues, and the Commission properly remanded the case for further hearing before a deputy commissioner. Following the entry of Deputy Commissioner Deluca's opinion and award, the Commission reviewed the evidence *de novo* and adopted Deputy Commissioner Deluca's opinion and award with two exceptions. However, the Commission entered its own opinion and award with its own findings of fact and conclusions of law. This procedure was

**GREGORY v. W.A. BROWN & SONS**

[192 N.C. App. 94 (2008)]

permissible under *Joyner* and *Garmon.* We overrule these assignments of error.

Affirmed.

Judge ELMORE concurs.

Judge JACKSON concurs in part, and dissents in part, with a separate opinion.

JACKSON, Judge concurring in part, dissenting in part.

I concur in the majority opinion except as to its holding that defendant-employer was not prejudiced by plaintiff's failure to submit written notice of her injury within the thirty-day period mandated by North Carolina General Statutes, section 97-22. As to that portion of the majority opinion, I must respectfully dissent.

While I recognize that there is some divergence of opinion surrounding this issue, *see Booker v. Duke Med. Ctr.*, 297 N.C. 458, 256 S.E.2d 189 (1979); *Richardson v. Maxim Healthcare/ Allegis Grp.*, 188 N.C. App. 337, 657 S.E.2d 34 (2008); *Legette v. Scotland Mem'l Hosp.*, 181 N.C. App. 437, 640 S.E.2d 744 (2007), *rev. denied*, 362 N.C. 177, 658 S.E.2d 273 (2008); *Chavis v. TLC Home Health Care*, 172 N.C. App. 366, 616 S.E.2d 403 (2005), *appeal dismissed*, 360 N.C. 288, 627 S.E.2d 464, (2006); *Watts v. Borg Warner Auto., Inc.*, 171 N.C. App. 1, 613 S.E.2d 715, *aff'd*, 360 N.C. 169, 622 S.E.2d 492 (2005); *Davis v. Taylor-Wilkes Helicopter Serv.*, 145 N.C. App. 1, 549 S.E.2d 580 (2001); *Lakey v. United States Airways*, 155 N.C. App. 169, 573 S.E.2d 703 (2002), *rev. denied*, 357 N.C. 251, 582 S.E.2d 271 (2003); *Westbrooks v. Bowes*, 130 N.C. App. 517, 503 S.E.2d 409 (1998); *Jones v. Lowe's Cos.*, 103 N.C. App. 73, 404 S.E.2d 165 (1991); *Sanderson v. Northeast Construction Co.*, 77 N.C. App. 117, 334 S.E.2d 392 (1985); *Chilton v. School of Medicine*, 45 N.C. App. 13, 262 S.E.2d 347 (1980), I believe section 97-22 requires the Industrial Commission to make findings of fact and conclusions of law concerning whether an employee's failure to file written notice of the accident within thirty days of the accident prejudiced the employer. I do not believe this Court may infer a lack of prejudice when the Commission has not addressed that issue specifically.

Though there are opinions from this Court that may be interpreted as supporting a *per se* rule of no prejudice under section 97-22

when an employer had actual notice of the employee's accident, *see Legette*, 181 N.C. App. at 448, 640 S.E.2d at 752; *Davis*, 145 N.C. App. at 11, 549 S.E.2d at 586; *Sanderson*, 77 N.C. App. at 123, 334 S.E.2d at 395, I believe the weight of North Carolina law requires the Commission to make a conclusion of law stating that the employer was not prejudiced by the employee's failure to file within the thirty day mandate, and to support that conclusion with adequate findings of fact.

Section 97-22 specifically states in relevant part: "no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice *and* the Commission is satisfied that the employer has not been prejudiced thereby." N.C. Gen. Stat. § 97-22 (2008) (emphasis added). The burden is on the employer to prove prejudice. *Richardson*, 188 N.C. App. at 346, 657 S.E.2d at 40 (citation omitted). The Commission is *required* to make findings of fact concerning issues upon which the granting or denial of compensation depends. *Id.* (citation omitted) (emphasis added). I am in agreement with previous opinions of this Court which require: 1) a separate inquiry into the issue of prejudice, and 2) appropriate findings of fact and conclusions of law in support of the Commission's ruling on that issue. *See Id.*; *Westbrook*, 130 N.C. App. at 528-29, 503 S.E.2d at 417.

In light of the confusion engendered by seemingly conflicting opinions from the Court of Appeals regarding this issue, it is particularly useful to consult the only North Carolina Supreme Court opinion addressing the section 97-22 prejudice issue. In *Booker*, the Supreme Court held that the employer had waived the issue of section 97-22 notice, because it had failed to raise the issue before the Commission, and could not raise it for the first time on appeal. *Booker*, 297 N.C. at 482, 256 S.E.2d at 204. Although not decided on the prejudice issue, the Supreme Court "[found] that a claim for compensation under the Act is *barred* if the employer is not notified within 30 days of the date the claimant is informed of the diagnosis "unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice *and* the Commission is satisfied that the employer has not been prejudiced thereby." *Id.* at 480-81, 256 S.E.2d at 203 (emphasis added). The Court then noted that there were no findings of fact by the Commission that the employee's failure to notify the employer within thirty days was "excusable *and* non-

GREGORY v. W.A. BROWN & SONS

[192 N.C. App. 94 (2008)]

prejudicial." *Id.* at 481, 256 S.E.2d at 203 (emphasis added). The Court stated that "it would be unrealistic [under the circumstances in that case] to assume that [the employer] did not immediately receive notice [of the employee's injury,]" and went on to add:

> The purpose of the notice-of-injury requirement is two-fold. It allows the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury, and it facilitates the earliest possible investigation of the circumstances surrounding the injury. *Had appellees squarely presented the issue of notice at the hearing before the Commission, it could have conducted an inquiry in accordance with G.S. 97-22 to determine whether or not [the employer] was prejudiced by the lack of notice.* To allow an employer to raise the issue for the first time on appeal deprives the claimants of the benefits of that determination and could easily lead to a denial of compensation in a case where the facts would justify a finding of no prejudice.

*Id.* at 481-82, 256 S.E.2d at 204 (emphasis added). Inherent in this reasoning is that even when an employer has actual notice of an employee's injury, inquiry into the issue of prejudice at the Commission level is proper, and indeed necessary, for the insurance of a just outcome pursuant to the requirements of section 97-22.

In the instant case, not only did the Commission fail to make any findings of fact to support a conclusion that defendant-employer was not prejudiced by plaintiff's failure to give written notice within thirty days of the accident, there is in fact *no conclusion of law addressing this issue* in the Commission's opinion and award. The Commission's findings of fact must support its conclusions of law, and its conclusions of law must support its award. *Allen v. Roberts Elec. Contrs.*, 143 N.C. App. 55, 64, 546 S.E.2d 133, 140 (2001). In the instant case, there are neither sufficient findings nor conclusions to support the Commissions award, because the necessary element of lack of prejudice, as required under section 97-22, simply has not been addressed.

Though our review of the Commission's conclusions is *de novo*, we may not usurp the jurisdiction of the Commission by inferring findings and conclusions where the Commission has been silent. "The Full Commission is charged with a duty 'to make detailed findings of fact and conclusions of law with respect to every aspect of the case before it.' " *Bolick v. ABF Freight Sys., Inc.*, 188 N.C. App. 294, 300, 654 S.E.2d 793, 797 (2008) (citation ommitted); *see also Vieregge*

*v. N.C. State University*, 105 N.C. App. 633, 637-38, 414 S.E.2d 771, 773-74 (1992); *Morgan v. Thomasville Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E.2d 619 (1968).

In light of the plain language of section 97-22, the reasoning in our Supreme Court's opinion in *Booker*, and the Commission's complete lack of consideration of the prejudice issue in its opinion and award, I would remand to the Commission for findings of fact and conclusions of law addressing the issue of prejudice as required by section 97-22.